UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STANLEY JORDAN, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3463** |
| **CHEVROLET CUSTOMER ASSISTANCE CENTER** | **SECTION "E" (3)** |

REPORT AND RECOMMENDATION

Plaintiff Stanley Jordan, Sr. filed this *pro se* and *in forma pauperis* federal civil action. After Jordan sued, the Clerk of Court marked his complaint deficient. This Court issued two orders to Jordan to remedy his deficient complaint and pay the filing fee and/or submit an *in forma pauperis* application. Jordan ultimately remedied his deficient complaint and filed his *in forma pauperis* application, which this Court granted. [Doc. #5].

In short, Jordan sues the Chevrolet Customer Assistance Center for problems that he has had with vehicles that he has purchased from it. He alleges that Tim Cole – allegedly an employee of defendant – refused him service after he returned his vehicle(s) on numerous occasions.

The Court must initially examine the basis for federal subject matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *see also E.E.O.C. v. Agro Distribution, L.L.C.*, 555 F.3d 462, 467 (5th Cir. 2009) (holding that even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations when the amount in controversy exceeds $75,000, exclusive of

interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a)(1). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995).

Jordan has failed to allege a cognizable claim arising under federal law. Although he apparently attempts to assert a civil rights claim under 42 U.S.C. § 1983, that statute simply is not applicable. "Section 1983 creates a private right of action for redressing violations of federal law by those *acting under color of state law*." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (emphasis added).[1] Defendant herein is a private actor not acting under color of state law even if it, as alleged, refused Jordan service. Simply put, "[p]rivate individuals generally are not considered to act under color of law, *i.e.*, are not considered state actors, and private misuse of a state statute does not describe conduct that can be attributed to the State." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (internal quotation marks omitted). Moreover, the Court can not glean any other any cause of action in Jordan's complaint that would arise under another applicable federal statute or the Constitution.

There likewise is no basis for federal diversity jurisdiction. "The diversity statute requires 'complete diversity' of citizenship," meaning that "[a] federal court cannot exercise diversity

---

[1] Specifically, Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (internal quotation marks omitted). Jordan's proposed complaint does not satisfy the diversity requirement, in that Jordan is a citizen of Louisiana, and it appears that defendant is also a citizen of Louisiana. Moreover, there is no allegation in the complaint of any monetary amount that exceeds $75,000.00. The Court therefore concludes that federal diversity jurisdiction is not proper. *See Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.").

For all of the foregoing reasons, the undersigned finds that there is no basis for federal jurisdiction in this proceeding.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 3rd day of November, 2015.

                                              **DANIEL E. KNOWLES, III**
                                              **UNITED STATES MAGISTRATE JUDGE**